## STEPHEN JONES v. COMMONWEALTH.

Criminal Law — Passing Counterfeit National Bank Notes — Jurisdiction Sufficiency of Indictment.

> Section 1, article 10, chapter 28, 1 Stant. Rev. Stat., gives the courts of this State judisdiction of the offense of passing or vending counterfeit notes purporting to be on a national bank.

Sufficiency of Indictment.

> An indictment for passing and vending counterfeit national bank notes is sufficient when it gives a general description of the denomination, bank, and to whom passed.

APPEAL FROM BARREN CIRCUIT COURT.

December 10, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Jones was indicted and tried and convicted in the Barren Circuit Court on a charge of "passing and vending counterfeit bank bills on an incorporated bank within the United States committed as follows:"

Then in particularly setting out the offense describes the bills passed to Thomas Boslow as "eleven counterfeit bank notes of the First National Bank on Indianapolis in the State of Indiana each of the denomination of $20 and payable on demand at said bank."

A motion in arrest of judgment was overruled and he prosecutes this appeal.

The evidence is not incorporated in the bill of exceptions; we must, therefore, presume that every essential fact to conviction was made out.

But it is insisted that as the indictment shows that the charge was for passing counterfeit currency purporting to be on a national bank that our State courts have no jurisdiction to try the case because the Act of December 5, 1863 (Myers Supplement to

Statutes, 174), only embraces treasury notes, fractional or postal currency, and not the circulation of the national banks, but this was wholly unnecessary because section 1, article 10, chapter 28, 1 Stant. Rev. Stat., embraced " any bank or company incorporated by law in any part of the United States," therefore, to pass and vend counterfeit notes purporting to be on a national bank is an offense within the letter and spirit of this last recited act.

It is again urged that the bills are not so specifically described as to bar a future indictment.

It is true a more specific description by letter, number, and date of some of these bills might have been given, but there is a general description of the denomination, on what bank, and to whom passed, and we think this would bar any future indiction for passing to Boslow counterfeit $20 bills purporting to be on the First National Bank of Indianapolis. In Rhodes v. Commonwealth, 2 Duvall, this court held the charge of stealing " one lot of treasury notes " and " one lot of Kentucky bank notes and $15 in gold coin " was too uncertain and indefinite as neither denomination, date, nor number of either the treasury note, bank notes, or coin were given nor on what bank, but here the denomination of the bills, the bank on which they purport to be issued, and the person to whom passed are given by general description sufficiently certain to bar a subsequent indictment for the same offense.

Wherefore, the judgment is affirmed.